# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10165 | **DATE** | 12/28/2012 |
| **CASE TITLE** | Thomas vs. ABCNews et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is denied on the grounds that the complaint is frivolous upon its face because it is clear the Court has no jurisdiction over this matter. Accordingly, the complaint is dismissed without prejudice so Plaintiff may refile in state court if he so chooses. With the case dismissed, the motion for appointment of counsel [4] is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* [3] and Plaintiff's motion for appointment of counsel.

Part of the determination in an *in forma pauperis* ruling is first determining whether the complaint has any possible merit or is frivolous on its face. *Wartman v. Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.,* 510 F.2d 130, 134 (7th Cir. 1975).

Plaintiff, a resident of a mental health center in Elgin, Illinois, complains in pertinent part:

> ABCNews WGNNews NBCNews has used Plaintiff Marlon Thomas with sex, gangs, racial related information and violence to news viewers over a period of time for higher news ratings and more telecast that blame and label plaintiff for information to viewers Plaintiff is asking for 20 million dollors [sic] in damages.

Pl.'s Compl., 1. Plaintiff sues under 42 U.S.C. §§ 1983, 1985 and 1986. The § 1983 claim is clearly frivolous because none of the Defendants are state actors. *McDonald v. White*, 465 Fed. App'x 544, 548 (dismissing § 1983 action because public defender was not a state actor).

Section 1985 provides a civil remedy only for *civil-rights* conspiracies that are class based. *Hoeft v. Dommisse*, 352 Fed. App'x 77, 81 (7th Cir. 2009) (emphasis added). To recover under § 1985(3), a party must establish (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection of the laws; (3) an act in furtherance of the alleged conspiracy' and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. *Xiong v. Wagner*, 700 F.3d 282, ---, 2012 U.S. App. LEXIS 21857, at *34 (7th Cir. 2012). In the absence of a viable conspiracy claim under § 1985(3), a § 1986 claim cannot exist because it punishes the failure to prevent a § 1985 conspiracy. *See*

| STATEMENT |
|---|
| *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992) (citing *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984)).<br><br>Liberally construing Plaintiff's complaint, as the Court must for *pro se* litigants, the Court cannot make out any claim of a civil rights violation. Rather, it appears to be a libel complaint under state law. As all defendants appear to be Illinois citizens, this Court has no jurisdiction over Plaintiff's complaint. Because this Court has no jurisdiction over this complaint, Plaintiff's pursuit of it in this Court is clearly frivolous, and the complaint is dismissed without prejudice so that Plaintiff may refile in state court if he so chooses. With the case dismissed, the motion for appointment of counsel is therefore denied as moot. |