# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10165 | **DATE** | 4/2/2013 |
| **CASE TITLE** | Thomas vs. ABC News et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Marlon Thomas's motion to proceed on appeal *in forma pauperis* [8] is denied. Plaintiff must pay the full appellate fee within fourteen days, or the Court of Appeals may dismiss his appeal for want of prosecution.

■ [ For further details see text below.]    Docketing to mail notices.

# STATEMENT

*Pro se* Plaintiff Marlon Thomas filed a notice of appeal from the judgment entered against him on December 28, 2012, and seeks leave to proceed *in forma pauperis*. *See* ECF No. 8. Plaintiff's motion states in its entirety: "Motion to appeal case 12 cv 10165 to proceed *in forma pauperis* and motion appeal to appointment of counsel in case 12 cv 10165 appeal to Magistrate Judge Finnegan." *Id.*

Plaintiff's motion falls well short of the requirements set forth in Federal Rule of Appellate Procedure 24. Even more problematic for Plaintiff, this Court determined previously that his complaint was frivolous. *See* ECF No. 6. As such, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith. "When a suit is found to be frivolous, an ensuing appeal generally cannot be 'in good faith' under § 1915(a)(3)." *Dean v. Cook County Dept. of Corr.,* No. 12 C 9355, 2013 U.S. Dist. LEXIS 39216 at *1 (N.D. Ill. Mar. 20, 2013) (citing *Moran v. Sondalle,* 218 F.3d 647, 650 (7th Cir. 2000)).

Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot proceed with an appeal *in forma pauperis*, but instead must pay the appellate fees in full to proceed. As such, Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections,* 150 F.3d 810, 812 (7th Cir. 1998). Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to the action. If Plaintiff wishes to contest the Court's finding that his appeal is not in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of this order. *See* Fed. R. App. P. 24(a)(5).

While it is unclear if Plaintiff is also seeking appointment of counsel on appeal, to the extent he is, that motion is denied for lack of jurisdiction. The Court of Appeals, and not this court, has jurisdiction of the

| STATEMENT |
|---|
| matter on appeal. *See* 28 U.S.C. § 1291. If Plaintiff is seeking appointment of counsel for his appeal, he must do so from the Court of Appeals. *Seneca v. Godinez*, No. 10 C 6900, 2012 U.S. Dist. LEXIS 169142 at *4-5 (N.D. Ill. Nov. 28, 2012).<br><br>In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. To the extent Plaintiff seeks appointment of counsel for his appeal, that motion is also denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. |